UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI,
WESTERN DIVISION

CLIFFS PLANTATION TIMBER FARM, LLC                               PLAINTIFF

VERSUS                                    CIVIL ACTION NO. 5:05cv197-DCB-JMR

UNITED STATES OF AMERICA                                         DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on the defendant's Motion to Dismiss for Failure to Join Indispensable Parties **[docket entry no. 36]**. Having reviewed the Motion, briefs, exhibits, applicable statutory and case law, and having heard the oral arguments of the parties and being otherwise fully advised as to the premises, the Court finds and orders as follows:

**FACTS AND PROCEDURAL HISTORY**

This action involves a dispute between the plaintiff, Cliffs Plantation Timber Farm, LLC and the defendant, the United States of America, owners of adjoining parcels of land located in Adams County, Mississippi. Specifically, the disagreement concerns the proper demarcation of the boundary line between Cliffs Plantation's Section 30, Township 6 North, Range 3 West tract, and the United States' Section 37, Township 6 North, Range 3 West tract.

On October 28, 2005, the plaintiff initiated suit against the defendant pursuant to the Quiet Title Act, 28 U.S.C. § 2409(a), which allows for resolution of real property disputes against the

1

United States government.  Block v. North Dakota, 461 U.S. 273, 286 (1983).  In its complaint, Cliffs Plantation alleges that the government has encroached upon its land, has destroyed certain boundary line markings, and has caused various items of the plaintiff's personal property to be removed from its land.  (Compl. ¶¶ 7, 11, 12, 13).  In response, the United States contends that it acquired all rights to the disputed sixteen acre area via a 1991 conveyance from the prior landowner.

The plaintiff seeks a preliminary injunction against the defendant to prevent its agents from trespassing upon Cliffs Plantation and to "restore all of the destroyed line markings, posts and pins and restor[e] to Plaintiff all of the personal property removed by Defendant's agents and servants."  (Compl. ¶ 13.)  Cliffs Plantation also requests an award of actual damages against the United States for its "willful, intentional and blatant trespass and encroachment[.]" (Compl. 7.)  The plaintiff further claims that it is entitled to have title to the land in question "confirmed against Defendant and against all the world[]" (Compl. ¶ 14) and demands that it be awarded its attorney's fees and costs in this action.  (Compl. 7.)

On December 28, 2005, the government filed a motion to dismiss for, inter alia, failure to join a party under Rule 19.  (Def.'s Mot. Dis. 1.)  This Court denied the defendant's motion via a Memorandum Opinion and Order on May 5, 2006.  In its Opinion, the

Court found that at the present time "the only affected area would be a tract of sixteen acres lying solely between the government's and the plaintiff's lands" and that "no adjacent landowners would be impacted by the proposed resolution of this suit." (May 5, 2006 Memo. Op. & Ord. 10.) However, the Court also noted that because of uncertainty as to the disputed border's location, it would continue to "carefully monitor the parties' allegations as they are fleshed out and will make appropriate orders in the future to insure that any adjacent landowner whose property may be altered by the outcome of this case will have the opportunity to have his, her or its interests properly represented." (May 5, 2006 Memo. Op. & Ord. 11.)

Following several months of discovery, the United States again filed a Motion to Dismiss for Failure to Join Indispensable Parties pursuant to Federal Rules of Civil Procedure 12(b)(7) and 19 on July 9, 2007, positing that the "[r]esolution of Plaintiff's claim will affect the property rights of adjacent landowners, requiring the joinder of those landowners under Rule 19. Absent their joinder, this matter must be dismissed." (Def.'s Mot. Dis. Fail. Join Indisp. Part. 1.) That Motion is now before the Court.

## **DISCUSSION**

The plaintiff retained Virgil Collins to perform a survey of the area which is the subject of this dispute. The defendant hired Malcolm Barlow to perform a survey on its behalf. The maps,

3

sketches, and affidavits of the surveyors reveal the following: the United States owns adjacent Sections 36 and 37.  Section 37 is abutted to the north by Cliffs Plantation, which includes Sections 23 and 30.[1]  Section 34, a parcel of land owned by a non-party,[2] is abutted by Section 36 to the south and Cliffs Plantation to the east.  A boundary line agreement was entered into by the former owners of Sections 34 and 36.  Section 38 is a tract of land (also owned by a non-party[3]) which is bounded by Cliffs Plantation to the north and Section 37 to the west.  A boundary line agreement was entered into between the former owners of Sections 37 and 38.  (Pl.'s Resp. to Def.'s Mot. Dis. Fail. Join Indisp. Part. Ex. 2 ["Collins Map"]; Aff. Malcolm Barlow passim ["Barlow Affidavit"].)

The defendant claims that discovery has revealed that the claims of the plaintiff will affect the interests, rights, and liabilities of adjoining landowners which are not currently parties to this action.  (Def.'s Memo. Supp. Mot. Dis. Fail. Join Indisp. Part. 2.)  Specifically, the United States notes that the owners of Section 38 (including Ms. Pugh) could have their abilities to protect their interests impeded by the Court's final resolution of the case.  (Def.'s Memo. Supp. Mot. Dis. Fail. Join Indisp. Part.

---

[1] The primary boundary in dispute is the line of division between Section 37 and Cliffs Plantation.

[2] The owners of Section 34 are referred to as the "Joffrion heirs."

[3] The owners of Section 38 are referred to as the "Butler heirs," which is said to include Evelyn Foley Pugh.

5.) According to the defendant, the boundary line drawn by Collins "is more than 300 feet south of where the United States contends it is." (Def.'s Memo. Supp. Mot. Dis. Fail. Join Indisp. Part. 2.) The consequences of the boundary between Cliffs Plantation and Section 37 proposed by the plaintiff via the Collins Map, as urged in the Barlow Affidavit, would be as follows:

> If Mr. Collins' survey map is accepted by the court, Section 30's southern boundary line will encroach upon the property of Section 38 as shown on the survey map I have developed in this case.

(Barlow Aff. ¶ 9) (internal references omitted).

The United States also refers the Court to the Affidavit of Evelyn Pugh, one of the owners of Section 38. (Pugh. Aff. 1.) In her affidavit, Ms. Pugh avows that she and the other owners of Section 38 entered into a boundary line agreement with the prior owners of Section 37, thus establishing the western boundary of Section 38 and the eastern boundary of Section 37. (Pugh Aff. 1-2.) Ms. Pugh states that such agreement confirmed the northernmost corner of Sections 37 and 38. (Pugh Aff. 2.) According to Pugh, the northern boundary of Section 38 runs easterly in a straight line from that point. (Pugh Aff. 2.) Ms. Pugh concludes by stating that she believes the northwest corner of Section 38 as indicated in the Collins Map is not where the boundary line agreement calls for the corner to be located, and that the Collins Map, if accepted by the Court, would possibly conflict with her

property rights as established by such agreement.  (Pugh Aff. 2.)

Additionally, the government contends that if the plaintiff's survey is accepted, it will become "subject to a substantial risk of incurring inconsistent obligations or additional liability as it relates to the owners of Section 34."  (Def.'s Memo. Supp. Mot. Dis. Fail. Join Indisp. Part. 4.)  The United States claims that it could be subjected to suits by current or future owners of Section 34 because the Collins Map would establish a corner different from that contained in the agreement establishing the boundary line between Section 34 and 36.  (Def.'s Memo. Supp. Mot. Dis. Fail. Join Indisp. Part. 5.)  In support of its argument, the government again refers to the Barlow Affidavit, which states that

> if Mr. Collins' map is accepted by the court, it will move the northwest corner of Section 37 (and thus the southeast corner of Section 34) south of where it presently is, thereby suggesting a southern boundary line of Section 34 that would encroach upon the property of Section 36, owned by the United States.

(Barlow Aff. ¶ 9.)  Thus there is the potential for creation of negative precedent in this case, says the government, which implicates Rule 19.  (Def.'s Memo. Supp. Mot. Dis. Fail. Join Indisp. Part. 5.)

The United States submits that for these reasons joinder of the owners of Sections 34 and 38 is necessary under Rule 19 and dismissal of this action is required if joinder is not feasible because such owners are indispensable to the resolution of the

6

matter.  (Def.'s Rep. Supp. Mot. Dis. Fail. Join Indisp. Part. 6.)

The plaintiff replies that the government is mistaken and that no additional parties exist who need be joined per the terms of Rule 19.  In support of its position, Cliffs Plantation points out that its only claim is against the United States, that no other boundary lines are at issue, and that no owner of adjacent property has ever made a claim against Cliffs Plantation for encroachment. (Pl.'s Resp. to Def.'s Mot. Dis. Fail. Join Indisp. Part. ¶¶ 2, 3.) The plaintiff suggests that the two boundary line agreements are forever binding on the parties thereto and that the resolution of this matter will only affect the right to title of the disputed sixteen acres between Cliffs Plantation and the government's Section 37.  (Pl.'s Resp. to Def.'s Mot. Dis. Fail. Join Indisp. Part. ¶¶ 8, 9, 11.)  Therefore, Cliffs Plantation argues, the "United States has failed to demonstrate even the chance that resolution of this dispute in favor of Cliffs, or for that matter in favor of the United States, would or could impact any one other than the named parties . . . ."  (Pl.'s Br. Supp. Rep. Def.'s Mot. Dis. Fail. Join Indisp. Part. 7.)

Alternatively, the plaintiff urges that instead of joinder the Court should craft a judgment to determine the rights of the plaintiff and defendant while regarding the rights of the non-parties.  (Pl.'s Br. Supp. Rep. Def.'s Mot. Dis. Fail. Join Indisp. Part. 8.)  Accordingly, such parties are not necessary and need not

be joined; but even if joinder is ordered, dismissal should only be granted as a last resort.  (Pl.'s Br. Supp. Rep. Def.'s Mot. Dis. Fail. Join Indisp. Part. 8.)

"[W]hen an initial appraisal of the facts indicates that a possibly necessary party is absent, the burden of disputing this initial appraisal falls on the party who opposes joinder." Pulitzer-Polster v. Pulitzer, 784 F.2d 1305, 1309 (5th Cir. 1986). However, from the Court's vantage point, the United States has failed to identify any facts which demonstrate the existence of other potentially necessary parties.

The Court believes that a fair, considered appraisal of the facts urged by the parties does not reveal that any person "claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's inability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest." Fed. R. Civ. P. 19(a)(2)(i, ii). Specifically, the Court believes that the interests, rights, and obligations of the owners of Sections 34 and 38 could not potentially be affected merely by the determination of the proper boundary line between Cliffs Plantation (Sections 23 and 30) and Section 37.  By the same token, neither of the parties could conceivably incur inconsistent

obligations should future disputes arise with the owners of Sections 34 or 38.

Because the facts do not indicate the existence of any persons potentially necessary to this action under Rule 19, the defendant's Motion is not well-taken and will be denied.

**IT IS HEREBY ORDERED** the defendant's Motion to Dismiss for Failure to Join Indispensable Parties **[docket entry no. 36]** is **DENIED** and no additional parties need be joined by the plaintiff.

**SO ORDERED,** this the   18th   day of September, 2007.

___s/ David Bramlette_____
UNITED STATES DISTRICT JUDGE
