UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI,
WESTERN DIVISION

CLIFFS PLANTATION TIMBER FARM, LLC                              PLAINTIFF

VERSUS                                   CIVIL ACTION NO. 5:05cv197-DCB-JMR

UNITED STATES OF AMERICA                                        DEFENDANT

**ORDER**

This matter comes before the Court on the defendant's Motion in Limine to Exclude Evidence or Argument Regarding Adverse Possession **[docket entry no. 45]** and the plaintiff's Motion to Amend **[docket entry no. 49]**. Having reviewed the Motions, memoranda, applicable statutory and case law, and being otherwise fully advised as to the premises, the Court finds and orders as follows:

On October 28, 2005, the plaintiff filed a complaint wherein it claims title to approximately sixteen acres of land upon which the defendant is said to be encroaching. The plaintiff predicates its fee simple ownership of the disputed parcel upon a valid deed of conveyance. (Compl. ¶ 5.)

In this Court's August 9, 2006, Case Management Order [docket entry no. 13], October 1, 2006, was set as the deadline for amendment of the parties' pleadings. Following a lengthy period of discovery and several continuances, a bench trial for this matter was scheduled to take place on October 15, 2007. On September 25,

2007, the defendant filed its Motion in Limine to Exclude Evidence or Argument Regarding Adverse Possession [docket entry no. 45], wherein it asserts that the plaintiff's proposed Pre-trial Order introduces the theory of adverse possession into the case for the first time.  Positing that the plaintiff is attempting to amend its complaint through the Pre-trial Order, the defendant asserts that the Court should not permit such an amendment because the defendant would be unduly prejudiced and the plaintiff has unduly delayed attempting to amend.  The plaintiff responded to the defendant's Motion on September 28, 2007, asserting that the complaint was sufficient to put the defendant on notice as to the plaintiff's adverse possession claim.

On October 23, 2007, the Court rescheduled the trial for February 19, 2008.  On October 24, 2007, the plaintiff filed its Motion to Amend [docket entry no. 49], wherein it seeks leave to amend its complaint to state a claim for adverse possession.  The defendant filed its Response [docket entry no. 51] to the plaintiff's Motion on November 5, 2007, urging the Court to disallow the proposed amendment or, in the alternative, to permit it to conduct discovery through January 30, 2008, should the Court allow the plaintiff to amend.

The Court is of the opinion that the complaint was indeed insufficient to put the defendant on notice that the plaintiff was proceeding under a theory of adverse possession.  Nevertheless,

Federal Rule of Civil Procedure 15(a) dictates that leave to amend "shall be freely given when justice so requires."  Clearly this language "'evinces a bias in favor of granting leave to amend.'" Smith v. EMC Corp., 393 F.3d 590, 595 (5th Cir. 2004)(quoting Lyn-Lea Travel Corp. v. Am. Airlines, 283 F.3d 282, 286 (5th Cir. 2002)).  The United States Court of Appeals instructs that this Court "must possess a 'substantial reason' to deny a request for leave to amend."  Id.

The Supreme Court delineates five factors for a court to consider when deciding whether leave to amend a complaint should be granted:  1) undue delay, 2) bad faith or dilatory motive, 3) repeated failure to cure deficiencies by previous amendments, 4) undue prejudice to the opposing party, and 5) futility of the amendment. Rosenzweig v. Azurix Corp., 332 F.3d 854, 864 (5th Cir. 2003)(citing Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)).  The defendant does not contend that the plaintiff has acted in bad faith or with a dilatory motive, that the proposed amendment would be futile, or that the plaintiff has failed to cure deficiencies in its prior amendments; rather, the defendant asserts that the plaintiff has unduly delayed seeking leave to amend and that the United States would experience undue prejudice were plaintiff were allowed to amend.

The Court does not agree.  While the plaintiff has waited until the late in the game to seek to amend its complaint to add a

claim for adverse possession, the Court does not believe that such delay has reached the "procedurally fatal" point. Smith, 393 F.3d at 595. Because the trial was nearly four months distant at the time the plaintiff filed its Motion to Amend, the Court does not find that undue delay has occurred. Similarly, the Court does not find that undue prejudice would accrue to the defendant if the plaintiff's amendment is allowed. As requested by the defendant, ample opportunity to conduct discovery relating to the plaintiff's new claim shall be given and requests for additional courtesies in the defendant's favor shall be entertained by the Court so as to avoid any undue prejudice which might be occasioned by the plaintiff's late amendment.

Accordingly,

**IT IS HEREBY ORDERED** that the defendant's Motion in Limine to Exclude Evidence or Argument Regarding Adverse Possession **[docket entry no. 45]** is **DENIED.**

**IT IS FURTHER ORDERED** that the plaintiff's Motion to Amend **[docket entry no. 49]** is **GRANTED.**

**IT IS FURTHER ORDERED** that the defendant shall have until January 30, 2008, to conduct discovery related to the plaintiff's adverse possession claim.

**SO ORDERED**, this the  3rd  day of December 2007.

                                        s/ David Bramlette
                                    **UNITED STATES DISTRICT JUDGE**