UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI,
WESTERN DIVISION

CLIFFS PLANTATION TIMBER FARM, LLC                                PLAINTIFF

VERSUS                                CIVIL ACTION NO. 5:05cv197-DCB-JMR

UNITED STATES OF AMERICA                                          DEFENDANT

## OPINION AND ORDER

This matter comes before the Court on the United States's Motion to Dismiss Amended Complaint [**docket entry no. 59**]. Having carefully considered the Motion, memoranda, applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds and orders as follows:

### I. PROCEDURAL HISTORY

On October 28, 2005, Cliffs Plantation Timber Farm, LLC ("Cliffs Plantation") brought suit against the United States pursuant to the Quiet Title Act, 28 U.S.C. § 2409a (2006), seeking to confirm its title to an approximately sixteen acre plot of land upon which the government had allegedly encroached and trespassed. On December 28, 2005, the United States filed its Motion to Dismiss [docket entry no. 3], wherein it argued, inter alia, that the Court lacks jurisdiction over the subject matter of the action because the plaintiff's claims are time-barred by the Quiet Title Act's twelve-year statute of limitations. This Court issued a Memorandum Opinion and Order [docket entry no. 8] on May 5, 2006, in which it

granted in part and denied in part the government's Motion. Specifically, the Court denied the portion of the United States's Motion which asserted that the plaintiff's claims are time-barred under the Quiet Title Act.

On October 24, 2007, Cliffs Plantation filed a Motion to Amend [docket entry no. 49], seeking to add a claim for adverse possession. By its Order [docket entry no. 53] of December 3, 2007, the Court gave the plaintiff leave to amend its complaint. After the plaintiff filed its Amended Complaint [docket entry no. 54] on December 7, 2007, the United States filed its Motion to Dismiss Amended Complaint [docket entry no. 59], wherein it "specifically urges the Court to dismiss the Amended Complaint because the Court lacks jurisdiction of this matter as Plaintiff's claims are time-barred by the Quiet Title Act, 28 U.S.C. § 2409a(g). In particular the Court's earlier ruling on this issue was based on misinformation and should be reconsidered as the Court should not proceed in this matter if it does not have jurisdiction." (Mot. Dis. Am. Compl. 1.) That Motion is now before the Court.

## II. ANALYSIS

### A. Applicable Law

Title 28 U.S.C. § 2409a(a) states that "[t]he United States may be named as a party defendant in a civil action under this section to adjudicate a disputed title to real property in which

the United States claims an interest . . . ."  By this central provision of the Quiet Title Act of 1972, the United States waived its sovereign immunity from civil suits involving title to land. Block v. North Dakota, 461 U.S. 273, 280, 103 S. Ct. 1811, 1816, 75 L. Ed. 2d 840 (1983); Bank One Texas v. United States, 157 F.3d 397, 402 (5th Cir. 1998).  However, § 2409a(g) provides that "[a]ny civil action under this section, except for an action brought by a State, shall be barred unless it is commenced within twelve years of the date upon which it accrued.  Such action shall be deemed to have accrued on the date the plaintiff or his predecessor in interest knew or should have known of the claim of the United States."  This section is a statute of limitations which constitutes a condition on the United States's waiver of sovereign immunity.  Id. at 287, 103 S. Ct. at 1820; Bank One Texas, 157 F.3d at 402.  "Moreover, because it circumscribes the scope of a waiver of sovereign immunity, the statute of limitations manifests a jurisdictional prerequisite, rather than an affirmative defense." Bank One Texas, 157 F.3d at 403 (citing United States v. Mottaz, 476 U.S. 834, 841, 106 S. Ct. 2224, 2229, 90 L. Ed. 2d 840 (1986)).

*B. The Parties' Arguments*

The plaintiff claims to have acquired title to the disputed land on November 3, 1999, when it merged with Cliffs Plantation Timber Farms.  (Am. Compl. ¶ 5.)  Cliffs Plantation Timber Farms purportedly received the subject real property by a deed of

3

conveyance from Cliffs Plantation, Inc., on May 2, 1997. (Am. Compl. ¶ 5.) Cliffs Plantation, Inc., is said to have acquired title to the sixteen acre tract through a deed from Dr. Merlin Hugo Allen on November 21, 1979. (Am. Compl. ¶ 5.) The United States asserts that it acquired title to the disputed property by a duly-recorded warranty deed on February 21, 1991. (Memo. Supp. Mot. Dis. 3.)

In its Motion to Dismiss Amended Complaint, the United States asserts that its deed refers to a 1964 Jordan, Kaiser, and Sessions Survey Map ("JSK Map") which describes the boundary line between the parties' parcels in a way that is inconsistent with the plaintiff's claim to the land. (Memo. Supp. Mot. Dis. 3-7.) The government urges that its recordation of the warranty deed in 1991 gave the plaintiff (more accurately, the plaintiff's predecessor in interest) actual notice of its claim to the subject land (Memo. Supp. Mot. Dis. 2.); therefore, the plaintiff's claim under the Quiet Title Act is time-barred by the § 2409a(g) twelve-year statute of limitations because the plaintiff waited until 2005 (some fourteen years after a predecessor in interest received actual notice) to bring suit. Accordingly, argues the United States, this Court is without jurisdiction over the subject matter of the action and the case must be dismissed.

In its response, the plaintiff does not appear to take issue with the notion that the government's 1991 warranty deed includes

4

a description of the boundary line which differs from the plaintiff's conception of the correct boundary.[1]  Rather, the plaintiff argues that it (more correctly a predecessor in interest) did not acquire notice of the government's claim to the sixteen acres until the United States marked its corners or lines in 1995. (Memo. Opp. Mot. Dis. 2.)  Therefore, because the plaintiff filed suit less than twelve years after 1995, its claim is not barred by the statute of limitations in § 2409a(g).

### C. Application of Law to Facts

The United States Court of Appeals for the Fifth Circuit essentially treats the "knew or should have known" language of § 2409a(g) as synonymous with actual or constructive notice. Calhoun County, Texas v. United States, 132 F.3d 1100, 1103–04 (5th Cir. 1998) (per curiam); Lasyone v. United States, 30 F.3d 1490 (table) (5th Cir. 1994) (per curiam).  Although courts are to interpret the provisions of the Quiet Title Act "in accordance with principles of federal law," they may look to state law to assist with "discerning knowledge of the Government's claim." Bank One Texas, 157 F. 3d at 103.  Therefore, because the situs of the land in question is in Mississippi, the Court may consult Mississippi's law pertaining to

---

[1] Therefore, for the purposes of deciding the instant Motion, the Court will assume (contrary to its discussion in its May 5, 2006 Memorandum Opinion and Order) that both the northwest and northeast corners of the northern boundary of Section 37 denoted in the JSK Map are inconsistent with the corners urged by the survey of Virgil T. Collins, upon which the plaintiff relies.

5

actual and constructive notice.

The United States relies upon several cases (only one of which involves Mississippi's notice law) for the expansive proposition that "the recording of a deed constitutes actual knowledge of an adverse claim." (Memo. Supp. Mot. Dis. 2.) The Court will analyze the extra-jurisdictional cases for their persuasive value.

In Vincent Murphy Chevrolet Co., Inc. V. United States, 766 F.2d 449 (10th Cir. 1985), a company had purchased three parcels of land from the United States in 1965. In its quitclaim deeds to the company, the United States had included numerous restrictions on the plaintiff's ability to use and dispose of the land. In 1982, the company entered into a receipt and option contract with a non-profit corporation for a portion of one of the parcels. The company and the non-profit sued the United States in 1983 under the Quiet Title Act, seeking to quiet title in the lands and to have the restrictions thereupon declared invalid. In affirming the district court's dismissal of the case for want of subject matter jurisdiction due to the applicability of the Quiet Title Act's twelve-year statute of limitations, the United States Court of Appeals for the Tenth Circuit held that the non-profit entity was bound by the predecessor company's actual knowledge of the deed restrictions, which were considered "claims" of the United States. Id. at 451. Additionally, the court noted that the non-profit had constructive notice of the government's claims because of the

properly recorded deeds in 1965.  Id.

Vincent Murphy does not stand for the blanket proposition urged by the United States; rather, the case simply holds that a grantee who takes a quitclaim deed from a grantor is on actual notice of any restrictions contained within the deed and that a successor in interest to such a grantee acquires constructive notice of such restrictions by virtue of the proper recordation of the deed in the chain of title.  In the case sub judice, by contrast, the plaintiff's relevant predecessor did not receive a deed referring to the JSK boundary line from the United States.  Thus this case is easily distinguishable from the present matter.

The United States also cites California ex rel. State Land Commission v. Yuba Goldfields, Inc., 752 F.2d 393 (9th Cir. 1985), in support of its broad contention.  In that case, deeds covering the disputed properties had been recorded by the United States in the early 1900s.  California, the plaintiff therein, did not bring suit under the Quiet Title Act until 1978.  In affirming the district court's dismissal of the case pursuant to the statute of limitations provision in the Quiet Title Act, the Ninth Circuit held that California had actual knowledge of the government's claim in the early 1900s because it was subjectively aware that the deeds covering the property were executed and recorded exclusively in the name of the United States.  Id. at 396.  The appellate court expressly declined to address whether the plaintiff had

constructive notice of the United States's claim solely by virtue of the recorded deeds.  Id.

In the instant case, the plaintiff has not conceded that it had any actual knowledge of the contents of the 1991 deed. Therefore, Yuba Goldfields is not persuasive to this Court due to this critical distinction.

The government additionally relies upon Montero v. Babbitt, 921 F. Supp. 134 (E.D.N.Y. 1996).  In Montero, the plaintiffs challenged the United States's title to a plot of underwater land, alleging that the description of the land in a recorded 1968 deed was insufficient to identify the property and was therefore void. The district court held that the twelve-year limitations provision of the Quiet Title Act barred the plaintiffs' action because they did not file their complaint challenging the government's title until twenty-five years after the government's deed was recorded. Id. at 139.

This Court does not find the Montero case to be persuasive. The opinion is somewhat cryptic because it fails to specifically mention how the plaintiffs obtained notice of the government's claim.  However, a careful reading of the case reveals that the district court relied heavily upon the fact that the plaintiffs' and government received their conveyances from a common predecessor in interest.  Id.  Apparently because the United States received and recorded its deed in 1968 and the plaintiffs received their

8

conveyances in 1981 and 1983, notice was imputed to the plaintiffs through the shared predecessor in interest. This is not the situation here between Cliffs Plantation and the United States, as their predecessors in interest were different; therefore, the Court finds little analogical value in Montero.

Porter v. Samuel, 889 F. Supp. 213 (D.V.I. 1995) is another case upon which the government relies. In that case, the district court held that the plaintiffs' action was time-barred under the Quiet Title Act's statute of limitations because their predecessor in interest acquired actual notice of the United States's claim to the subject land when, more than twelve years earlier, she conveyed a separate piece of property in a deed which included a written description of the disputed area which was consistent with government's claim.

The facts of the instant matter are different, insofar as the United States has not shown that Cliffs Plantation's relevant predecessor in interest executed any deed containing the description of the disputed land found in the JSK Map.

The United States is correct to point out that the Porter court also mentioned in passing that the claimants' predecessor in interest should have known of the government's claim to the contested parcel due to the government's recordation of a deed encompassing said parcel. However, because of the absence of any analysis in support of this statement by the Porter court, this

9

Court deems it to be little more than dictum and therefore bereft of persuasive value.

The one case cited by the government in support of its position which relies upon Mississippi notice law is <u>Tadlock v. United States</u>, 774 F. Supp. 1035 (S.D. Miss. 1990).  In <u>Tadlock</u>, the district court held that the twelve-year statute of limitations of the Quiet Title Act barred a 1989 lawsuit in which the plaintiffs challenged the government's title to land.  The court held that the recordation of a deed by the United States in 1935 put the plaintiffs on notice that the government was claiming ownership to the property in question.  <u>Id.</u> at 1043.  The <u>Tadlock</u> court noted that the recording of a deed is construed as actual knowledge of an adverse claim under Mississippi case law.  <u>Id.</u>  The court alternatively held that a failed agreement between the plaintiffs and United States in 1953 wherein the United States sought to convey the disputed tracts to the plaintiffs served to put the plaintiffs on notice of the government's claim.  <u>Id.</u>

This Court has no quarrel with the <u>Tadlock</u> opinion as to its alternative holding.  In this case, no evidence has been produced suggesting that more than twelve years prior to the date on which Cliffs Plantation filed suit, its relevant predecessor in interest spoke with representatives of the United States in an attempt to deal for any portion of the disputed sixteen acres.

However, this Court does not read the Mississippi cases cited

10

by the Tadlock court to be indicative of the current state of Mississippi notice law.  Stating that "[t]he recording of the deed constituted notice to the world that the United States claimed ownership to the property[,]" the Tadlock court cited the cases of Walker v. Easterling, 61 So. 2d 163 (Miss. 1952), and Boyd v. Entrekin, 45 So. 2d 848 (Miss. 1950) (en banc), in support thereof. Id. at 1043.  The court also cited the case of Hardy v. Lynch, 258 So. 2d 414 (Miss. 1972), to support its conclusion that "the recording of a deed has been construed as actual knowledge of an adverse claim."  Id.

In Boyd, the Supreme Court of Mississippi held that a deed recorded by a tenant in common in which she claimed to be the sole owner of the land was sufficient to constitute an ouster of her co-tenants.  45 So. 2d at 849.  Walker relied on Boyd to hold that the recordation of a patent and deed was also an ouster of another party who claimed to have previously acquired an interest in the property.  61 So. 2d at 439.  Hardy held in part[2] that the recording of a deed by a third-party who obtained title from one tenant in common was sufficient to give the other co-tenants actual knowledge of the third party's adverse interest in the land and to

---

[2] Hardy relied on the case of Quates v. Griffin, 239 So. 2d 803, 811-12 (Miss. 1970), which held that in order "[t]o oust the cotenant not joining in the deed, these factors must concur, (1) the execution of the deed purporting to convey the entire interest in fee simple to one then a stranger to the title, (2) the recording of the deed, and (3) the entry of the grantee claiming the entire interest in the property."  258 So. 2d at 415-16.

thereby effectuate an ouster of the co-tenants.  258 So. 2d at 417.

First, the Court is unaware of any evidence which intimates that Cliffs Plantation, Inc. (the plaintiff's predecessor in interest in 1991 when the United States recorded its deed) and the United States were tenants in common in 1991.  This renders Boyd inapplicable, in addition to the fact that Boyd was overruled by Nichols v. Gaddis & McLaurin, Inc., 75 So. 2d 625 (Miss. 1954).[3] Jordon v. Warren, 602 So. 2d 809, 815 (Miss. 1992).  Because Walker explicitly relied on Boyd, its continued viability is seriously cast into doubt.

Second, there has been no evidence submitted which suggests that the United States's grantor was a co-tenant of Cliffs Plantation, Inc., in 1991, so as to effectively oust this predecessor in interest of the plaintiff.  Therefore, Hardy is factually distinguishable from the instant matter. Moreover, Hardy involved a grantee who, in addition to the recordation of a deed, exercised exclusive acts of ownership (such as actually occupying the land in question, paying taxes and building a home thereon, selling timber, and executing a mineral lease) over the land in question in order to satisfy the Quates factors.  Thus, despite some language in the opinion which might suggest otherwise, it is

---

[3] The Nichols court held as follows: "We do not think that the mere recording of a fee simple deed by a cotenant 'imparts notice' to other cotenants of an adverse claim to land by the grantee-cotenant."  75 So. 2d at 633.

12

clear that the Hardy court did not rely solely on the execution of a deed to supply knowledge of the adverse claim to the cotenants.

Under Mississippi law, "'actual notice' is defined as 'notice expressly and actually given . . .' while 'constructive notice' is defined as 'information or knowledge of a fact imputed by law to a person (although he may not actually have it), because he could have discovered the fact by proper diligence, and his situation was such to cast upon him the duty of inquiring into it.'" Doe ex rel. Brown v. Pontotoc County Sch. Dist., 957 So. 2d 410, 417 (Miss. Ct. App. 2007). The Court is not advised of any evidence suggesting that Cliffs Plantation, Inc., actually knew prior to October 28, 1993 (the date exactly twelve years before the plaintiff filed suit) that the United States was claiming an interest in the disputed land. The government, for its part, does not suggest that the plaintiff's predecessor ever saw or heard of the deed referring to the JSK Map prior to October 28, 1993, nor does it argue that a representative of the United States (or anyone else) ever expressly informed Cliffs Plantation, Inc., of the government's claim to the sixteen acres prior to that date.

Therefore, the only way it may be said that Cliffs Plantation, Inc., should have known of the government's claim is if it received information which created a duty to investigate and the reasonably diligent exercise of such duty would have led to the discovery of the government's claim. The United States would argue that its

13

recording of the warranty deed in 1991 which claimed a different boundary line than the one described in the recorded deed under which Cliffs Plantation, Inc., obtained title in 1979 was sufficient to create a duty to inquire.  The Court does not agree.

The Court is not advised of any authority in Mississippi case law or otherwise which holds that the mere recording of a deed is sufficient to place a landowner already possessed of good title through a duly recorded deed on notice of a claim to a portion of his land made by a deed lying outside his chain of title.  To the contrary, the Nichols court's holding regarding notice in the co-tenant context which it made when overruling Boyd — — — "[w]e do not think that the mere recording of a fee simple deed by a cotenant 'imparts notice' to other cotenants of an adverse claim to land by the grantee-cotenant[,]" 75 So. 2d at 633, — — — is highly suggestive to this Court that Mississippi law requires more than the recordation of a deed in a case like this one involving complete strangers.[4]

Were a court to adopt the rule advocated by the United States, all landowners would be charged with a duty to constantly monitor the land transaction records in the counties of their lands' situs

---

[4] In fact, at least one other court has noted that "[g]enerally, more than mere recording, absent any actual knowledge or inquiry notice, is required[]" in order to impute notice to a landowner of a claim to his land by another party. Watts v. United States, 2002 WL 87056, *6 (D. Neb. Jan. 23, 2002) (collecting cases).

14

to ensure that no person filed a deed claiming a portion of their properties.  Such a rule would transform the "should have known" language of § 2409a(g) from a "reasonable awareness" standard, Bank One Texas v. United States, 157 F.3d 397, 402 (5th Cir. 1998), into an unreasonable and absolute "duty to become aware" one.

### III. CONCLUSION AND ORDER

Because the Court is satisfied that neither the plaintiff nor its predecessors in interest "knew or should have known of the claim of the United States" before October 28, 1993, this action was "commenced within twelve years of the date upon which it accrued" and the Court has jurisdiction over the subject matter of the action pursuant to the Quiet Title Act.  Accordingly,

**IT IS HEREBY ORDERED** that the United States's Motion to Dismiss Amended Complaint [**docket entry no. 59**] is **DENIED**.

**SO ORDERED,** this the  13th  day of February 2008.


　　　　　　　　　　　　　　　　 s/ David Bramlette
　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**