```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                     WESTERN DIVISION
```

CLIFFS PLANTATION TIMBER FARM, LLC                          PLAINTIFF

vs.                          CIVIL ACTION NO. 5:05-cv-197-DCB-JMR

UNITED STATES OF AMERICA                                    DEFENDANT

<u>ORDER</u>

This matter is before the court for the enforcement of a Settlement Agreement, and by way of background, the court shows as follows, to-wit:

(1)

There has existed a boundary line dispute between Cliffs Plantation Timber Farm, LLC, and the United States of America.

(2)

Said dispute created a title and ownership question.

(3)

Being unable to resolve the conflict, Cliffs, on October 28, 2005, filed its suit disputing the claimed boundary line of the United States.

(4)

After an answer by the United States, various motion hearings and substantial discovery, the parties, in a settlement conference on May 5, 2008, reached an accord by which Cliffs

received 12 acres, more or less, of the disputed lands and the United States received 4 acres off of the southwest corner of the disputed lands.

(5)

During the course of said litigation and the settlement discussions, it became clear that neither Cliffs nor the Government would ever agree on the location of various section lines and corners, with the ultimate result that the parties agreed that each party would preserve its respective position as to the location of the common corner of Sections 23, 34, 36, 37 and whether Section 30 has a common corner with any of those sections other than Sections 23 and 37.

(6)

Cliffs maintained that the common corner of Section 23, 34, 36 and 37 is at the westerly terminus of the straight line projection of the south line of Cliffs Plantation, also the south lines of Sections 30 and 23 which point is S1°42'42"W, 463.60 feet from the corner which the Government claimed to be the corner common to Sections 23, 34, 36 and 37.

(7)

The Government's preserved position in the settlement is the common corner of Sections 23, 34, 36 and 37 is at the ½" iron pipe pointed out to T. B. Hendley, Land Surveyor for Jordan,

Kaiser & Sessions Engineering Co. by local resident James Seale in 1964 and identified in a boundary agreement between Mary C. Armstrong, et al., and Mary Frances Butler Pugh, dated 30th November, 1977 found in record book 14A on page 154, of Adams County Clerk's office.

(8)

The parties, in the implementation of the Settlement Agreement, agreed to define the boundary line between the parties as set out in an Amended Boundary Line Agreement and Mutual Quitclaim Deed which this court has drawn in order to effectuate the Settlement Agreement.

(9)

After a series of conferences with the parties, the court is aware that although both agree that the boundary line set forth in the settlement is accurately described, there is a disagreement between them as to the language to be incorporated into a Mutual Quitclaim Deed.

Accordingly, the court has carefully reviewed the settlement and has drafted a document entitled Amended Boundary Line Agreement and Mutual Quitclaim Deed which is annexed hereto as Exhibit "A" and incorporated herein by reference.

In order to bring this rather protracted matter to finality, the court finds that the Amended Boundary Line Agreement and

Mutual Quitclaim Deed accurately reflects the settlement, and the court orders that said document be executed by the parties, be properly acknowledged, and then filed for record among the deed records of Adams County, Mississippi.

The plaintiff, Cliffs Plantation Timber Farm, LLC will be given fifteen (15) days from the filing of this Order to execute the deed, with proper acknowledgments, and Cliffs is hereby ordered to forward the deed to the United States which is given fifteen (15) days from its receipt from Cliffs to execute and acknowledge same, the original deed to be returned to this court for recording among the deed records of Adams County.  The cost of recording will be shared equally by the parties, unless there is an agreement to the contrary and unknown to the court.

SO ORDERED, this the 25th day of January, 2012.

s/David Bramlette
United States District Judge